## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Associates Finance Corp.

v.

Virginia L. Kingery

February 8, 1968

Case No. 216

BY JUDGE ALEX H. SANDS, JR.

This case raises the question of whether or not defendant's discharge in bankruptcy is barred as to plaintiff's claim by reason of false statements contained in the financial statement executed by defendant upon the basis of which a loan of $600.00 was made by plaintiff to defendant on February 14, 1967.

The statement in question was filled out and executed by defendant on February 14, 1967, and listed only two creditors. In answer to the question contained in the blank form of the statement reading: "Do you owe any other debts" the defendant answered: "No." Upon receiving notice that defendant had filed a petition in bankruptcy, plaintiff immediately secured a copy of her schedule of debts and compared it with defendant's financial statement. It developed that defendant had omitted several debts from her financial statement and in particular a debt of $442.99 owed by defendant to Budget Finance Company of Omaha, Nebraska.

Mr. Stovall, testifying for plaintiff company, stated that had the plaintiff company had knowledge of this debt that the loan would not have been made to defendant.

By way of explanation, defendant states that she advised plaintiff's representative at the time the loan was arranged that she had a few small debts not listed which she expected to pay off promptly. As to the Budget Finance Company debt of $442.99, plaintiff states that while she knew that she was legally bound on this obligation that she considered the debt to be morally a debt of her son as the money was

borrowed to buy clothing and other necessaries for him and that her son, an infant, at the time had a part-time job and was making the payments on this loan through his mother.

In a case like this the plaintiff must prove an "intent to deceive the lending institution." See the opinion of Judge Hoffman in *In re Simms*, 202 F. Supp. 911 (E.D. Va. 1962). The text in *Collier on Bankruptcy*, 14th ed., sec. 17.16, p. 1617, reads as follows:

> The frauds included in the portion of clause (2) under discussion are those which in fact involve moral turpitude or intentional wrong; fraud implied in law, which may exist without imputation of bad faith or immorality, is insufficient.

In 8B C.J.S., *Bankruptcy*, sec. 573, p. 57, it is said: "A false statement made in good faith is insufficient to prevent the operation of the discharge."

Without further detailing the evidence, I am convinced that Mrs. Kingery thought that she was supplying such information as the plaintiff would be interested in, and I am accordingly this day entering final judgment for the defendant, saving plaintiff's exception.